# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE | : | CASE NO: 19-11294ELF |
|  | : |  |
| ALIYA A. MARTINEZ, a/k/a | : | CHAPTER 13 |
| ALIYA A RAMIREZ DE MARTINEZ | : |  |
|  | : |  |
| Debtor | : |  |
|  | : |  |

## CHAPTER 13 PLAN

First Amended (Post-confirmation)

July 29, 2019

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE
YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS**

**Part 1: Bankruptcy Rule 3015.1 Disclosures**

_____   Plan contains non-standard or additional provisions – see Part 9

_____   Plan limits the amount of secured claim(s) based on value of collateral

_____   Plan avoids a security interest or lien

**Part 2: Payment and Length of Plan**

§ 2(a)(1) Initial Plan: n/a

§ 2(a)(2) Amended Plan:

Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $69,570.00
The Plan payments by Debtor shall consists of the total amount previously paid ($2,370.00) added to the new monthly Plan payments in the amount of $1,205 beginning August 2019 and continuing for 56 months.

§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known): n/a

§ 2(c) Alternative treatment of secured claims

  X    None

_____    Sale of real property.  See § 7(c) below for detailed description

_____    Loan modification with respect to mortgage encumbering property.  See § 4(f) below for detailed description.

§ 2(d) Other information that may be important relating to the payment and length of Plan: None.

§ 2(e) **Estimated** Distribution:

| | |
|---|---|
| A. Total Priority Claims (Part 3) | |
| A.1. Unpaid attorney's fees | $3,500.00 |
| A2. Unpaid attorney's costs | $0.00 |
| A.3 Other priority claims (e.g. priority taxes) | $0.00 |
| B. Total distributions to cure defaults (§ 4(b)) | $27,898.59 |
| C. Total distribution on secured claims (§§ 4(c) & (d)) | $32,007.27 |
| D. Total distributions on unsecured claims (Part 5) | $856.14 |
| Subtotal | $64,262.00 |
| E. Estimated Trustee's commission | $5,588.00 |
| F. Base Amount | $69,850.00 |

**Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)**

§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Standing Chapter 13 Trustee | Administrative Claim | $5,588.00 |
| Debtor's Attorney | Legal fees and costs allowed under representation agreement | $3,500.00 |

§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

   X    None. If "None" is checked, the rest of § 3(b) need not be completed.

**Part 4: Secured Claims**

4(a) Secured Claims Not provided for by the Plan:

____    None.  If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Secured Property |
|---|---|
| ____ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement<br>City of Philadelphia (water arrears) | 6040 Webster St.<br>Philadelphia PA 19143 |
| ____ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement<br>Philadelphia Gas Works | 6040 Webster St.<br>Philadelphia PA 19143 |

§ 4(b) Curing Default and Maintaining Payments

____    None.  If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Nations Lending (Claim No. 2) | 6040 Webster St. Philadelphia PA 19143 | per contract | $26,142.87 | 0% | $26,142.87 |
| Nations Lending (Claim No. 2) Post-petition arrears | 6040 Webster St. Philadelphia PA 19143 | n/a | $1,755.72 | 0% | $1,755.72 |
| Total paid on Claim No. 2 | | | | | $27,898.59 |

§ 4(c) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

  X    None. If "None" is checked, the rest of § 4(c) need not be completed.

§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506.

  ____  None. If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
| Crescent Bank & Trust (Claim No. 1) | 2018 Nissan Pathfinder | $28,055.57 | 6.5% ($4,701.41) | $32,007.27 |

§ 4(e) Surrender

 X    None. If "None" is checked, the rest of § 4(e) need not be completed.

§ 4(f) Loan Modification

 X    None. If "None" is checked, the rest of § 4(f) need not be completed.

**Part 5: Unsecured Claims**

§ 5(a) Specifically Classified Allowed Unsecured Non-Priority Claims

 X    None. If "None" is checked, the rest of § 5(a) need not be completed.

§ 5(b) All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test (check one box)
\_\_\_\_    All Debtor(s) property is claimed as exempt.
 X    Debtor(s) has non-exempt property valued at $12,500 for purposes of § 1325(a)(4) and plan provides for distribution of $unknown to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follows (check one box):

\_\_\_\_    Pro Rata
 X    100%
\_\_\_\_    Other (Describe)

**Part 6: Executory Contracts & Unexpired Leases**

 X    None.  If "None" is checked, the rest of § 6 need not be completed.

**Part 7: Other Provisions**

*§ 7(a) General Principles Applicable to The Plan*

(1) Vesting of Property of the Estate (check one box)

 X    Upon confirmation.
\_\_\_\_    Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim

controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

§ 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

*(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.*

§ 7(c) Sale of Real Property

  X   None. If "None" is checked, the rest of § 7(c) need not be completed.

**Part 8: Order of Distribution**

The order of distribution of Plan payments will be as follows:

Level 1: Trustee Commissions*
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments

Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro rata
Level 6: Secured claims, pro rata
Level 7: Specially classified unsecured claims
Level 8: General unsecured claims
Level 9: Untimely filed, allowed general unsecured claims

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.

**Part 9. Non Standard or Additional Plan Provisions**

  X    None. If "None" is checked, the rest of Part 9 need not be completed.


**Part 10. Signatures**

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.


Date: July 29, 2019                    /s/   Alfonso Madrid
                                             Attorney for Debtor(s)